IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ISRRAEL HERNANDEZ RUBIO,    )
            )
    Petitioner,    )
            )    No. 2:26-cv-02570-TLP-cgc
v.    )
            )
CHRISTOPHER BULLOCK, New Orleans    )
Fields Director of Immigration and Customs    )
Enforcement, Enforcement and Removal    )
Operations,    )
            )
    Respondent.    )

---

**ORDER REQUIRING ADDITIONAL INFORMATION, DIRECTING SERVICE, AND STAYING TRANSFER**

---

Petitioner Isrrael Hernandez Rubio, a noncitizen[1] detained in the Western District of Tennessee, petitions for habeas corpus relief under 28 U.S.C. § 2241.  (ECF No. 1.)  He challenges his "continued detention as an 'arriving alien' subject to mandatory detention under 8 U.S.C. § 1225(b)."  (*Id.*)  But the Petition does not address whether *Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026) applies here.  Nor does it explain whether Respondent has already provided Petitioner a bond hearing.

The Court therefore **ORDERS** the following:

(1)    Petitioner shall, within **three business days** of this Order, supplement the Petition with a relevant and updated legal basis for relief.

---

[1] One can infer from the Petition that he is a noncitizen, but the Petition does not provide explicit details on Petitioner's country of origin.

1

(2)    Petitioner shall, within **five business days** of this Order, **deliver one copy each of the Petition and this Order** on Respondent, and ensure that copies are delivered to the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street Suite 800
> Memphis, TN 38103

Petitioner shall also **deliver a copy of the same** to the United States Attorney for the Western District of Tennessee electronically at: **stuart.canale@usdoj.gov**.  Failure to fully comply with this requirement may justify dismissal of the Petition.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(3)    Respondent shall respond in writing within **five business days** after Petitioner has fully complied with the above requirements.  If the basis for Petitioner's detention is § 1225(b)(2)(A) and Respondent continues to oppose release, he shall either distinguish this case from *Lopez-Campos v. Raycraft* or state why the Sixth Circuit's recent ruling does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the Writ.

(4)    Petitioner shall reply in writing within **five business days** after Respondent's responsive filing.

(5)    Under the Court's authority under the All Writs Act, 28 U.S.C. § 1651, Respondent shall not to remove Petitioner from the Western District of Tennessee while the § 2241 Petition is pending.  *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025).

**SO ORDERED**, this 21st day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

2