**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ISRRAEL HERNANDEZ RUBIO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02570-TLP-cgc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans | ) | |
| Field Office Director of Immigration and | ) | |
| Customs Enforcement, Enforcement and | ) | |
| Removal Operations, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Isrrael Hernandez-Rubio, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.)  The Court ordered Petitioner to supplement the Petition and for Respondent to show cause why the Writ should not be granted.  (ECF No. 6.)  Petitioner supplemented (ECF No. 8), Respondent responded (ECF No. 10), and Petitioner replied.  (ECF No. 11.)  For the reasons below, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a Mexican citizen, entered the United States in February 2010 without inspection.  (ECF No. 8 at PageID 16.)  He has since lived in Brownsville, Tennessee with his partner and four-year-old daughter.  (*Id.*)  He has no known criminal history.  But in May 2026, the United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody. (ECF No. 1 at PageID 2.)  The Department of Homeland Security ("DHS") then issued him a

1

Notice to Appear, charging him with being an "arriving alien" under the Immigration and Nationality Act §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). (*Id.*) Petitioner is currently in ICE custody at the West Tennessee Detention Center in Mason, Tennessee. (*See id.*)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing. (*See generally* ECF No. 1.) Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings. *See Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891, at *6 (6th Cir. May 11, 2026). Petitioner alleges that his detention under § 1225(b) violates the Immigration and Nationality Act and his Fifth Amendment right to due process. (ECF No. 1 at PageID 3.) He asks the Court to grant the Petition and order his immediate release. (*Id.* at PageID 7–8.)

## ANALYSIS

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 2026 WL 1283891, at *13. The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion. *Id.* at *6. "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at *13.

2

Respondent concedes that *Lopez-Campos* "controls the outcome of this matter."[1] (ECF No. 10 at PageID 26.) But Respondent asks the Court to order that Petitioner receive a bond hearing "within 10 business days, and if that does not occur, Petitioner should be released from custody." (*Id.* at PageID 27–28.)

The Court **GRANTS** the Petition. Petitioner's detention not only violated procedural due process but deprived him of liberty for over five months. He is therefore entitled to immediate release. *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

### CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

**SO ORDERED**, this 3rd day of June, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] Even still, Respondent argues that the Court should require Petitioner to exhaust his administrative remedies before ruling on the Petition. (ECF No. 10 at PageID 27.) The Court has rejected this same argument countless times and need not re-explain its reasoning. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026).